# Court of Appeals
# of the State of Georgia

ATLANTA,  June 16, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1523. CARA WILLIAMS v. THE STATE.**

Following a jury trial, Cara Williams was convicted of multiple counts, including forgery in the second degree, financial transaction card theft, aggravated identity fraud, and making false statements. The trial court denied her motion for a new trial in February 2020, and Williams thereafter filed pro se motions for an out-of-time appeal. The trial court denied those motions in August 2021, and Williams filed a direct appeal from that order. On May 6, 2022, this Court vacated the trial court's order denying the motion for a new trial and directed the trial court to enter a new order, dismissing the motions.[1] *Williams v. State*, Case No. A22A0404 (May 6, 2022). While her appeal in Case No. A22A0404 was pending, however, Williams filed a "secondary motion" for an out-of-time appeal, seeking reconsideration of the trial court's denial of her earlier motions. On January 31, 2022, the trial court dismissed

---

[1] In doing so, we relied on the Supreme Court of Georgia's decision in *Cook v. State*, 313 Ga. 471 (870 SE 2d 758) (2022), which eliminated the judicially created out-of-time-appeal procedure and held that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." 313 Ga. at 506 (5). *Cook* further stated that its holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 504 (4).

the motion for reconsideration, and Williams filed the current appeal on March 9, 2022, seeking review of the dismissal order. We, however, lack jurisdiction.

First, the denial of a motion for reconsideration is not itself a directly appealable judgment. See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008). Second, even if the denial of a motion for reconsideration was directly appealable, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). Williams, however, did not file this appeal until 37 days after entry of the trial court's order, making this appeal untimely.

Finally, our decision in Williams's earlier appeal in Case No. A22A0404 also requires that this appeal be dismissed. Specifically, Williams's current appeal is barred because she again seeks to challenge the denial of her motions for an out-of-time appeal. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds."). For all of these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/16/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*